667 S.E.2d 548

**In the Matter of Deborah A. KOULPASIS, Respondent.**

No. 26548.

Supreme Court of South Carolina.

Submitted Aug. 11, 2008.
Decided Sept. 29, 2008.

18

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa Ballard, of West Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement

for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of any sanction provided for in Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and suspend respondent from the practice of law in this state for two years, retroactive to the date of her interim suspension.[1] The facts, as set forth in the Agreement, are as follows.

## FACTS

### I. Guilty Plea

Respondent pled guilty to one count of breach of trust in an amount not less than $1,000 but not more than $5,000 related to taking fees paid in cash to her law firm and depositing them into her personal account. She was sentenced to two years in prison, suspended, and payment of court costs.

### II. Domestic Matters

Respondent was hired to represent Client A in a divorce matter. The parties to the divorce agreed to mediation without the presence of their attorneys; however, the mediation process was unsuccessful because, according to the mediator, Client A was not adequately prepared or advised. From that point on, Client A had difficulty communicating with respondent. Client A fired respondent, at which time Client A learned that three months earlier respondent left the firm she was employed by and left Client A's file with that firm.

Respondent was hired to represent Client B in another divorce matter. For several months, respondent exchanged correspondence regarding settlement with Client B's husband and later with the husband's attorney. However, thereafter, Client B had difficulty communicating with respondent. Client B filed a *pro se* complaint for child support, which was granted at a hearing where she appeared unrepresented. Thereafter, respondent contacted Client B and advised her to hold off on any further action until one year of continuous separation had expired. However, Client B did not hear from

---

1. Respondent was placed on interim suspension, with her consent, on June 26, 2007. *In the Matter of Koulpasis*, 374 S.C. 163, 648 S.E.2d 582 (2007).

respondent after the time period expired. Client B fired respondent and asked for a refund of her fee. Respondent had left Client B's file with the law firm where she had been employed, and the law firm gave the file to Client B and refunded the fee.

Respondent was hired by Client C to represent him in a domestic matter. Respondent filed for an emergency hearing and filed a summons and complaint on Client C's behalf. Emergency relief was granted. Opposing counsel filed responsive pleadings, including a counterclaim. Respondent filed a reply. A temporary hearing was held. Respondent was in the process of trying to get opposing counsel to agree to a proposed order when she was fired by the law firm at which she had been employed. Respondent and the law firm wrote separate letters to Client C advising him of respondent's departure from the firm. The firm also sent a letter to Client C and opposing counsel advising that another attorney in the firm would be handling Client C's matter until Client C made a decision. Neither respondent nor the other attorney from the firm heard anything from Client C and assumed the other was handling the matter. The other attorney from the firm got the temporary order signed and filed, but took no further action. Neither respondent nor the other attorney from the firm moved to be relieved from the case. At Client C's request, respondent took the case back up and filed for a final hearing. That hearing was continued at least three times because of respondent's difficulties with her pregnancy and maternity leave. After the third continuance, respondent changed her membership in the South Carolina Bar to inactive status. She did not timely inform Client C or the court of her change in status. Thereafter, the court issued a 365 day notice. Client C then went back to the other attorney from respondent's former firm, who negotiated a new fee agreement and pursued the case to final decree.

### *Law*

■ Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing

a client); Rule 1.4 (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, keep the client reasonably informed about the status of the matter, and promptly comply with reasonable requests for information); Rule 1.16(a)(2) (a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client); Rule 1.16(b)(1) (a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client); Rule 1.16(c) (a lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation); Rule 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 8.4(a)(it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d)(it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e)(it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent admits her misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(4) (it shall be a ground for discipline for a lawyer to be convicted of a crime of moral turpitude or a serious crime); and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

### Conclusion

We find a two year suspension, retroactive to the date of interim suspension, is the appropriate sanction for respondent's misconduct. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent accordingly. Respondent shall not be eligible for reinstatement or readmission until she has successfully completed all conditions of her sentence, including, but not limited to, any period of probation or parole. Rule 33(f)(10), RLDE, Rule 413, SCACR. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.